IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH JAMES SVIRBELY | ) | |
|     Petitioner, | ) | Civil Action No. 06-222 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| DAVID GOODE, et al., | ) | Chief Magistrate Judge Baxter |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Joseph James Svirbely, is a state prisoner incarcerated at the State Correctional Institution located in Coal Township, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [Document # 16). He claims that he was denied effective assistance at trial because: (1) the trial court denied his request for a continuance so that he could have a privately-retained attorney represent him; and (2) his court-appointed attorney failed to call the medical examiner as a defense witness, failed to call character witnesses, and refused to allow Petitioner to testify. (Document # 16 at ¶ 12).

    **A.    Relevant Factual and Procedural History**

In December 2001, a jury empaneled by the Court of Common Pleas of McKean County found Petitioner guilty of sexual assault, involuntary deviate sexual intercourse, indecent assault, and corruption of minors based upon evidence that he sodomized a 13-year-old boy and forced the boy to perform oral sex. On May 9, 2002, the Honorable John M. Cleland sentenced him to

an aggregate term of 13 to 30 years incarceration, with seven years concurrent probation. Petitioner appealed his judgment of sentence to the Superior Court of Pennsylvania. (App.[1] D-G). On August 19, 2003, the Superior Court affirmed. (App. H). Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or about September 19, 2003, the date on which the thirty-day period to file a petition for allowance of appeal expired. Pa.R.A.P. 1113; Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On October 1, 2003, Petitioner filed a *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. (App. I). Judge Cleland appointed counsel to represent Petitioner. After an evidentiary hearing, Judge Cleland denied PCRA relief on the merits. (App. K1-L). Petitioner appealed. (App. M-P). On May 25, 2005, the Superior Court issued a memorandum decision affirming the denial of PCRA relief. (App. Q). Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Petitioner commenced this federal habeas proceeding, at the very earliest, on July 4, 2006, the date he signed the Petition for Writ of Habeas Corpus. He filed the petition in the United States District Court for the Eastern District of Pennsylvania. That court transferred this case to the United States District Court for the Middle District of Pennsylvania, which then transferred the case to this Court because Petitioner was convicted in McKean County, which is located within the territorial boundaries of the Western District of Pennsylvania. (See Document # 1). On November 19, 2007, Respondents filed their Answer [Document # 22], and the case is now ripe for review.

---

[1] All Appendix citations are to those documents attached to the Answer [Document # 22].

**B.     Time Period for Filing Federal Habeas Corpus Petitions**

In their Answer, Respondents contend that Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final.[2]  28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment of sentence became final on or about Friday, September 19, 2003; therefore, the one-year period for filing his federal habeas corpus petition began to run on that date.  AEDPA provides that "properly filed" applications for state post-conviction relief that are pending during its limitations period will statutorily toll the limitations period.  28 U.S.C. § 2244(d)(2).  Petitioner filed his PCRA petition on October 1, 2003.  Thus, the PCRA petition tolled AEDPA's statute of limitations after 12 days had expired on that limitations period (from Friday, September 19, 2003 through Tuesday, September 30, 2003).

On May 25, 2005, the Superior Court affirmed the denial of PCRA relief.  Petitioner had thirty days (until on or about Friday, June 24, 2005) in which to file his appeal to the Supreme Court of Pennsylvania.  The PCRA proceeding is deemed to be pending during this time (even though an appeal was not filed).  Swartz, 204 F.3d at 419-20.  Accordingly, the PCRA petition continued to toll AEDPA's limitations period through Friday, June 24, 2005.  After that date, AEDPA's limitations period began to run again, and Petitioner, having approximately 353 days remaining before AEDPA's statute of limitations expired, had until on or about Tuesday, June 13, 2006, to file a timely federal habeas petition.

Petitioner did not initiate the instant habeas proceeding until, at the very earliest, July 4,

---

[2] Nothing in the record indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  Petitioner has not demonstrated that he suffered any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  Id. at § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  Id. § 2244(d)(1)(D).

2006. Therefore, his petition is untimely under AEDPA's statute of limitations.

The United States Supreme Court has not yet decided whether Section 2244(d) allows for equitable tolling. See Lawrence v. Florida, ___ U.S. ___ , 127 S.Ct. 1079, 1085 (2007). However, the United States Court of Appeals for the Third Circuit has instructed that:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Petitioner has not alleged facts sufficient to show that sound legal principles as well as the interests of justice demand application of the sparing doctrine of equitable tolling. Compare, Lacava, 398 F.3d at 275-76; Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001); Schlueter v. Varner, 384 F.3d 69, 76-78 (3d Cir. 2004); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002); with, Taylor v. Horn, 504 F.3d 416, 427 (3d Cir. 2007).

Accordingly, because the claims Petitioner raises in his petition are untimely and neither statutory tolling nor equitable tolling save the claims from this defect, his claims for habeas corpus relief should be denied with prejudice.

### C. **Petitioner's Motion to Appoint Counsel Is Denied**

Petitioner has filed a motion requesting that this Court appoint him counsel. The decision to appoint counsel in a non-capital habeas action lies within the discretion of the court (unless there is an order for an evidentiary hearing, see Rule 8 of the Rules Governing Section 2254 Cases), and there is no reason for this Court to exercise that discretion in this case. Petitioner's motion for appointment of counsel is denied.

### D. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for

appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                   S/Susan Paradise Baxter  
                                                   SUSAN PARADISE BAXTER  
                                                   Chief United States Magistrate Judge

Dated: December 17, 2007